### COLLINS *v.* MANNING *et al.*

(*Supreme Court, General Term, First Department.* February 14, 1890.)

CONVERSION—IMMATERIAL EVIDENCE.

 Plaintiff agreed to sell a steam-launch to defendant, and delivered it to him on part payment of its price, giving a receipt stating that the balance was to be paid when the boiler was shown to be able to stand a certain pressure. Defendant having refused to pay the balance until he got a United States inspector's certificate as to the boiler, or to give up the boat without a return of his money, plaintiff sued him for conversion of the launch. *Held,* that evidence tending to show that the boat complied with the contract was immaterial, and its admission error so prejudicial as to call for a reversal of a judgment in favor of plaintiff.

Appeal from circuit court, New York county.

Action by Michael J. Collins against Thomas Manning and Owain Hughes. Verdict for plaintiff. Defendants appeal from the judgment entered thereon.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*W. C. Beecher,* for appellants. *Wm. M. Mullin,* for respondent.

VAN BRUNT, P. J. This action was brought to recover for the alleged conversion by the defendant of the steam-launch Eclipse. In March, 1884, the plaintiff, being the owner of the launch in question, signed and executed an agreement in writing whereby he agreed to sell to the defendant Smith the steam-launch for the sum of $1,150, and to deliver the same in running order, and with steam up, at any place in the harbor of New York designated by the defendant Manning. Accompanying this agreement was a written description of the boat, and the plaintiff guarantied that it should conform to such description. In April, 1884, the defendant Manning paid to the plaintiff $100 upon the purchase price, for which he gave a receipt stating that the balance, less commission, was to be paid on delivery of the launch, as per description and contract, at Manning's basin, Staten island. Two days thereafter the plaintiff took the launch from where she was lying, at the foot of Thirty-Sixth street, South Brooklyn, to the defendant Manning's basin, at Staten island; and on the 11th of April the plaintiff received from Manning an additional $500 on account of the purchase price, and gave a receipt stating that the balance was to be paid as soon as the boiler was shown to be able to stand a pressure of 90 pounds, as per contract. On the following day the plaintiff called at Manning's office, and demanded the balance of the purchase price. This Manning refused to pay; and the plaintiff subsequently, after exhibiting various degrees of pressure upon the boiler, again demanded the purchase price of Manning, who told him that he would not pay the same unless he got an inspector's certificate. On the Wednesday following, the 16th, the plaintiff came down, with a tug, for the purpose of removing the boat, when he was told that if he would return the $600 which had been paid on the purchase money he might take the boat away. He did not offer to return

the $600, but attempted to take the boat away, and was prevented by one Hughes, who appears to have been an employe of Manning. The plaintiff was arrested, and taken before a magistrate, and discharged upon his promise not to go on board the boat again. Thereupon this action for a conversion of the launch was commenced, and upon the trial a verdict was rendered for the plaintiff; and from the judgment thereupon entered this appeal is taken.

It seems to us that the action was tried upon an entirely erroneous theory. The main question which seems to have formed the subject of investigation was whether the launch complied with the contract or not. Now, it was entirely immaterial whether the boat complied with the contract or not. If there had been a delivery of the boat to Manning, and he had advanced the $600 upon the faith of such delivery, the plaintiff could not recover the boat without returning the $600; and, as this action was not an action brought to recover the purchase price due upon the contract of sale, proof that the boat complied with the contract would not authorize a recovery for any amount. It is true that the learned judge, in his charge, submits this question to the jury in proper form, and correctly states the true issue between the parties. But evidence was admitted, against objection, by which it was attempted to prove that the boat complied with the contract. The plaintiff was asked whether he had tested the boilers prior to that time. This was objected to as immaterial. The objection was overruled, and an exception was taken; and the plaintiff was allowed to answer, "Yes." And then, again, he was asked what took place after signing the receipt for the $600, wherein it was specified that the boiler should show a test of 90 pounds; and the witness was allowed to go on, under objection, and show that he had tested the boilers to the extent of 90 pounds. And this ruling is attempted to be supported by the respondent as though the question before the jury was whether the launch complied with the contract or not. The counsel say that the question was material, in that it called for evidence to show whether the plaintiff had tested the boiler; that the contract of sale called for a test of the boiler, and it became a question of fact, for the jury to say, whether the boiler had been tested or not, under a fair construction of the intent of the parties in that respect, as expressed by the contract. No such issue was involved in this action. The question as to whether the boat complied with the contract or not had nothing whatever to do with the case. The sole question was whether the boat had been delivered to Manning, or whether the plaintiff still retained his right of property therein. If she had been so delivered, she could not be recovered back; or, as the judge instructed the jury, if Manning chose to pay $600 on account of the purchase money, without security, then, if the plaintiff never gave up the possession of the launch, he could not be prevented from taking her away, whether he acted properly in regard to the boiler or not. If, on the other hand, the plaintiff gave up possession of the launch to Manning, he could not retake it on account of the refusal to pay the $600, whether the refusal was justifiable or not. It is thus reduced to the question of possession. The condition of the boilers, therefore, was entirely immaterial upon this question of possession, and the introduction of evidence of this kind was thrusting upon the jury an issue which was not involved between the parties, and which could not be settled in the action at bar. The jury may have thought, from the introduction of this evidence, that, if the boat complied with the contract, although it was delivered to Manning, he having refused to pay the balance of the purchase price, the plaintiff would be entitled to recover her back. It is true the learned judge submitted no such question to the jury, but the fact of compliance with the contract was litigated; and the jury may have considered this evidence, and therefore it may have improperly influenced their conclusion. We think this was error so prejudicial to the jury as to call for a reversal of the judgment, and a new trial, with costs to the appellant to abide the event.